UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DAVID N. HUNTER | ) | Case No. 05-15261-SSM |
| LISA J. HUNTER | ) | Chapter 7 |
| | ) | |
| Debtors | ) | |

**MEMORANDUM OPINION AND ORDER
DENYING MOTION TO REOPEN CASE**


Before the court is the debtors' motion to reopen their closed case in order to bring a

preference avoidance action against Amethyst Company to recover wages that were

garnished in the period leading up to the bankruptcy filing.  A hearing was held on July 18,

2006.  Because the proposed avoidance action is time-barred, the motion to reopen will be

denied.

Background

David N. Hunter and Lisa J. Hunter, who are husband and wife, filed a voluntary

petition for relief under chapter 7 of the Bankruptcy Code in this court on October 14, 2005.

Among the assets listed on the debtor's schedules was Mr. Hunter's interest in "garnished

funds from Amethyst" in the amount of $3,822.65.  The funds were claimed exempt under

the Virginia homestead exemption, § 34-4, Code of Virginia.  Amethyst was listed as an

unsecured creditor with a claim of $114,243.00.  (Total unsecured claims in the case were

$145,748.14.)  The statement of financial affairs stated that a garnishment summons in favor

of Amethyst Company had been returnable to August 12, 2005 (approximately two months

prior to the bankruptcy filing) in the Stafford County General District Court.

The chapter 7 trustee, H. Jason Gold, filed a report of no distribution on December

22, 2005.  The debtors received a discharge on February 6, 2006, and the case was closed on

February 22, 2006.  The present motion to reopen was filed on June 30, 2006.  The stated

purpose for the reopening would be to allow Mr. Hunter to bring an adversary proceeding to

recover the garnished funds as a preference.  In support of the motion, the debtors have

attached exhibits showing that the garnishment summons and writ of fieri facias were issued

on March 8, 2005; that a homestead deed claiming $3,822.65 in garnished funds was

recorded on October 12, 2006; and that the debtors, through their attorney, made written

demand on Amethyst's attorney, Frederick H. Kruck, Jr., on January 12, 2006, to return the

garnished funds.  Amethyst did not file a written response to the motion to reopen but was

present by counsel at the hearing.

Discussion

A closed bankruptcy case may be reopened for, among other reasons, "to accord

relief to the debtor." § 350(b), Bankruptcy Code.  The decision whether to reopen a closed

case is discretionary with the court.  *Hawkins v. Landmark Finance Co.*, 727 F.2d 324 (4th Cir.

1984).  However, a closed case should not be reopened if reopening would be futile because no

relief could be accorded.  The question is, therefore, whether the debtor could potentially recover

the garnished funds.

A bankruptcy trustee may recover certain payments and other transfers made to creditors

in the 90-day period leading up to a bankruptcy filing if the payment enables such creditors

to receive more than they would receive under the chapter 7 distribution scheme.  § 547(b),

Bankruptcy Code.  The purpose of preference recovery is to promote the goal of equal

distribution of assets among creditors.  An individual debtor may apply his or her available

exemptions to funds and assets recovered by the trustee so long as the transfer was not

voluntary and the debtor did not conceal the asset.  § 522(g), Bankruptcy Code.

Additionally, if the trustee does not bring an avoidance action, the debtor may step into the

trustee's shoes and avoid the transfer to the extent he or she could have claimed the property

as exempt.  § 522(h), Bankruptcy Code; *In re Wilkinson,* 196 B.R. 311 (Bankr. E.D.

Va.1996).[1]  The trustee's right to bring an avoidance action, however, is circumscribed.

Specifically,

> (a) An action or proceeding under section . . . 547 . . . of this title may not be
> commenced after the earlier of—
> > (1) the later of—
> > > (A) 2 years after the entry of the order for relief; or
> > > (B) 1 year after the appointment or election of the first trustee . . .
> > > if such appointment or election occurs before the expiration of
> > > the period specified in subparagraph (A); or
> > (2) the time the case is closed or dismissed.

---

[1] The crucial question, in an action to recover garnished wages as a preference, is not when
the funds were paid over to the judgment creditor, but when the judgment creditor acquired a
non-avoidable lien in those funds. *Wilkinson*, 196 B.R. at 321–23.  In the garnishment
context, that date is the later of the date the writ of fieri facias is delivered to the sheriff
(which under Virginia law creates an execution  lien against intangibles) and the date the
debtor earns the funds (since no lien can attach until the debtor has rights in the property).
*Id.*  If the execution lien attaches more than 90 days prior to the bankruptcy filing, the
subsequent payment of the garnished wages to the creditor within the 90-day period cannot
be avoided as a preference.  *Id.*; *In re Lamm*, 47 B.R. 364 (E.D. Va. 1984).

§ 546(a), Bankruptcy Code.[2]  Thus, once a case is closed, the right to bring a preference

action is cut off.  Although some courts have held that a case can be reopened to bring an

avoidance action provided it is not independently barred by the time limits in § 546(a)(1),

*see, e.g., Gross v. Petty (In re Petty)*, 93 B.R. 208 (9th Cir. BAP 1988), a plain reading of the

statute does not support such a holding.  Put another way, if the restriction in § 546(a)(2)

could be evaded by the simple expedient of reopening the case, it would effectively be no

restriction at all. *See In re Blanchard*, 241 B.R. 461 (Bankr. S.D. Cal. 1999).  A different

situation would be presented if the case had been closed by mistake or if grounds were

presented sufficient to justify relief under Federal Rule of Bankruptcy Procedure 9024 from

the order closing the case.  However, no such circumstances have been presented here.

O R D E R

For the foregoing reasons, it is

**ORDERED:**

    1.  The motion to reopen is denied.

    2.  The clerk will mail a copy of this order, or give electronic notice of its

entry, to the parties listed below.


Date: _____              _____
                                       Stephen S. Mitchell
Alexandria, Virginia                   United States Bankruptcy Judge

---

[2]  It should be stressed that this limitation only applies to actions brought under one of the
trustee's avoidance powers and does not by its terms apply to a debtor's lien avoidance
motion under § 522(f), Bankruptcy Code.  There is no limitation, other than laches, on the
reopening of a case to bring a lien avoidance motion under § 522(f).  Relief under § 522(f) is
not available, however, after garnished funds have been turned over to the judgment
creditor. *Wilkinson*, 196 B.R. at 316–17.

Copies to:

David N. Hunter
Lisa J. Hunter
2125 Ft. Donelson Ct.
Dumfries, VA 22026
Debtors

Robert R. Weed, Esquire
Law Offices of Robert Ross Weed
1420 Prince Street, Suite 200
Alexandria, VA  22314
Counsel for the debtors

Frederick H. Kruck, Jr., Esquire
Walker, Jones, Lawrence, Duggan & Savage, PC
31 Winchester Street
Warrenton, VA   20186
Counsel for Amethyst Co.

H. Jason Gold, Esquire
Wiley Rein & Fielding LLP
7925 Jones Branch Drive, Suite 6200
McLean, VA  22101
Chapter 7 trustee